01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES-WASHINGTON, a Washington nonprofit corporation; et al., | ) ) ) CASE NO. C09-1668TSZ ) |
| Plaintiffs, | ) ORDER ) |
| v. | ) ) |
| J. DAVID BENSON, | ) ) |
| Defendant. | ) ) |

THIS MATTER comes before the Court on the response, docket no. 54, filed by plaintiffs Providence Health and Services – Washington and Providence Health Plan (collectively "PH&S-W") to the Court's Order to Show Cause, docket no. 53, why their claims should not be dismissed with prejudice in light of the Court's Order Remanding the related case, <u>Benson v. Providence Health & Servs.</u>, C10-941 ("<u>Benson I</u>"), to State court for lack of subject matter jurisdiction (the "Remand Order"). Having reviewed

ORDER
PAGE -1

PH&S-W's response, and the remaining record, the Court enters the following Order of partial summary judgment, dismissing some of PH&S-W's claims.

## I. Background

In Benson I, which was before the Court on removal from state court, plaintiff J. David Benson ("Benson") called upon the Court to determine whether the Employee Retirement Income Security Act ("ERISA") applied to a health plan ("PN 501") allegedly administered by defendant PH&S-W.[1] After reviewing the extensive briefing of the parties on that issue, the Court determined that ERISA did not apply to PN 501. Benson I, C10-941, docket no. 25. Because ERISA was the sole basis for the Court's subject matter jurisdiction on removal, the Court remanded Benson I to state court. In the present case, which was filed after Benson I, PH&S-W seeks declaratory and injunctive relief against Benson, arguing again that ERISA applies to PN 501. Am. Compl., docket no. 11.

## II. Discussion

After giving notice and a reasonable opportunity to respond, the Court may, sua sponte, enter summary judgment in favor of a non-moving party. Fed. R. Civ. P. 56(f)(1); Norse v. City of Santa Cruz, 2010 WL 5097749, *3 (9th Cir. 2010).

---

[1] There remains a factual dispute over which company, PH&S-W or its parent company, Providence Health and Services ("PH&S"), is the administrator of PN 501, and there is a genuine unresolved question as to whether the different Providence entities are operated as a single business in disregard of the corporate form. See, e.g., Friedman Decl., Exs. 2-3 (Rogers Dep., Exs. 2, 9), Ex. 4 (Young Dep. at 11, 32), docket no. 40.

ORDER
PAGE -2

**A.     PH&S-W's Claims for Declaratory Relief**

PH&S-W's First through Seventh Causes of Action seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.   Specifically, PH&S-W seeks alternative declarations that ERISA applies to PN 501 because (1) PN 501 is not (nor has ever been) an ERISA-exempt church plan under 29 U.S.C. § 1002(33) (First and Second Causes of Action); (2) PH&S-W's formal ERISA election in May 2009 applies to PN 501 retroactively (Fourth and Fifth Causes of Action); or (3) PH&S-W has historically treated PN 501 as though it were governed by ERISA, even though it was not (Sixth and Seventh Causes of Action).   Am. Compl., ¶¶ 8-16, 20-35, docket no. 11.   PH&S-W's Third Cause of Action seeks a declaration that the 2009 ERISA election was effective and applies ERISA to PN 501 prospectively from the date of filing.   Id. at ¶¶ 17-19.

PH&S-W argues that the Court's Remand Order in Benson I is not dispositive of its claims in this case because here, unlike in that case, the Court has subject matter jurisdiction.   See, e.g., Franchise Tax Bd. v. Const. Laborers' Vac. Trust, 463 U.S. 1, 26-27 n.31 (1983) (holding that district courts have federal question jurisdiction over declaratory judgment actions brought by an ERISA plan fiduciary to adjudicate a plan's rights under ERISA); 29 U.S.C. § 1132(e)(1) (providing that federal courts have exclusive jurisdiction over claims for injunctive relief under ERISA).   PH&S-W further argues the Court's Order in Benson I does not collaterally estop the Court from reaching a different determination in this case.   Cf. Kricher v. Putnam Funds Trust, 547 U.S. 633, 647 (2006).   In addition, PH&S-W contends that its Third Cause of Action,

which relates to ERISA's prospective application following the May 2009 election, was not at issue in Benson I.

While PH&S-W may be correct in its contention that the doctrine of collateral estoppel does not procedurally bar the Court from reaching a different conclusion in this case, the Court is not precluded from reaching the merits of the claims at issue. Accordingly, for the reasons set forth in the Court's Remand Order in Benson I, C10-941, docket no. 25, the Court concludes that, at least prior to May 2009, PN 501 was a church plan, exempt from ERISA, and neither the May 2009 ERISA election, nor PH&S-W's historical treatment of PN 501 as an ERISA plan, operate to apply ERISA retroactively. The Court concludes that summary judgment is appropriate on PH&S-W's First, Second, Fourth, Fifth, Sixth, and Seventh Causes of Action.[2]

As to PH&S-W's Third Cause of Action, however, the Court agrees that the Remand Order in Benson I, did not address the validity of the May 2009 election or its prospective application. Accordingly, the Court declines to dismiss PH&S-W's Third Cause of Action. The Court will issue a separate Minute Order setting a briefing

---

[2] PH&S-W also contends that it is the plan administrator of PN 501, and consequently, since it initiated the present lawsuit prior to being joined as a party in Benson I, which was initially brought against only PH&S, any claims that Benson has against PH&S-W are compulsory counterclaims under Fed. R. Civ. P. 13(a) that must be adjudicated in the present lawsuit. As an initial matter, the Court notes that, given the unresolved factual question as to which Providence entity is the actual plan administrator, see, n.1, supra, it is not clear that Benson was on notice of his obligation to bring counterclaims in this lawsuit. Moreover, at the time PH&S-W commenced this lawsuit, Benson's claims were already pending in Benson I against PH&S, the party that Benson reasonably (and quite possibly correctly) believed to be the proper defendant. Under Fed. R. Civ. P. 13(a)(2)(A), a pleader need not state a claim that would otherwise be a compulsory counterclaim if, when the action was commenced, the claim was the subject of another pending action. Fed. R. Civ. P. 13(a)(2)(A). Benson did not waive his right to pursue his claims in Benson I by failing to raise them as counterclaims in this case.

ORDER
PAGE -4

schedule for the PH&S-W's motion for partial summary judgment on that claim. See Mot., docket no. 26.

### B. PH&S-W's Claims for Injunctive Relief

PH&S-W also seeks an injunction under ERISA section 1132(a)(3)(B) precluding Benson from (1) pursuing his claims in Benson I until after he has exhausted his administrative remedies under ERISA (Eighth Cause of Action); and (2) pursuing any relief in Benson I for claims arising after the May 2009 election (Ninth Cause of Action). As the Court has already concluded that ERISA did not apply to PN 501 prior the May 2009 election, Benson has no duty to exhaust any administrative remedies under ERISA for claims arising before the election. Accordingly, summary judgment is appropriate on PH&S-W's Eighth Cause of Action. To the extent that Benson seeks relief in Benson I for claims arising after the May 2009 election, however, PH&S-W may be entitled to injunctive relief.[3] Accordingly, the Court declines to enter summary judgment on PH&S-W's Ninth Cause of Action.

---

[3] In support of PH&S-W's contention that Benson is pursuing relief for claims arising after the May 2009 election, PH&S-W cites to Benson's answer, which denies that the election was valid and applies prospectively. Answer, ¶¶ 5, 19, docket no. 25. PH&S-W also cites to portions of the complaint in Benson I, which appears to seek relief for claims arising after the election. See Benson I, C10-941, Not. of Removal, Ex. 1 (2d Am. Compl. ¶ 8.2), docket no. 1-3 (claiming that defendants were unjustly enriched when they forced plan participants to tender over the proceeds of third party settlements, which in the case of Benson, took place after the May 2009 election). It is the Court's understanding that Benson has not challenged the validity of the ERISA election and has not sought relief for claims arising after the election. See Benson I, Order at 13 n.6, docket no. 25. Moreover, to the extent that the factual allegations in the class action complaint suggest that Benson's right of recovery is not typical of the class, that discrepancy raises a question that should be answered at the class certification stage of the case. See, e.g., Wash. Sup. Ct. Civ. R. 23(a)(3) (requiring that a proposed class representative's claims be typical of the claims or defenses of the proposed class).

### III. Conclusion

For the reasons set forth in the Court's Order for Remand in Benson I, C10-941, docket no. 25, the Court, sua sponte enters partial summary judgment and DISMISSES PH&S-W's First, Second, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, with prejudice. The Court declines to enter summary judgment as to PH&S-W's Third and Ninth Causes of Action, and STRIKES in part the Order to Show Cause, docket no. 53, as to those claims.

IT IS SO ORDERED.

DATED this 7th day of January, 2011.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge