UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES-WASHINGTON, a Washington nonprofit corporation; et al., | CASE NO. C09-1668TSZ |
| Plaintiffs, | ORDER |
| v. | |
| J. DAVID BENSON, | |
| Defendant. | |

THIS MATTER comes before the Court on the motion for partial summary judgment, docket no. 26, filed by plaintiffs Providence Health & Services, Washington ("PH&S-W) and Providence Health Plan ("PHP") (collectively "PH&S-W"). PH&S-W moves for partial summary judgment on plaintiffs' Third Cause of Action, which seeks a declaratory judgment that PH&S-W's May 2009 Employee Retirement Income Security Act ("ERISA") election was effective and applies ERISA to Benson's insurance plan ("PN 501") prospectively from the date

ORDER
PAGE -1

of filing. Am. Compl. at ¶¶ 17-19, docket no. 11. Having reviewed the papers filed in support of, and opposition to, plaintiffs' motion, the Court DENIES the motion.

**BACKGROUND**

This case arises out of a motor vehicle collision that took place on October 10, 2008, resulting in severe injuries to defendant J. David Benson. See Benson v. Providence Health & Services, C10-941Z ("Benson I"), 2d Am. Compl. ¶ 4.2, docket no. 1-5. Benson recovered $25,000.00 from the tortfeasor's insurance company, the full policy limit but well below the amount of Benson's medical expenses. Id. at ¶¶ 4.4-4.6. To pay the remainder of his medical expenses, Benson submitted a claim to his medical insurance company,[1] which was ultimately denied, resulting in the litigation in the related case, Benson I. See id.

In Benson I, which was before the Court on removal from state court, Benson moved for an order of remand, arguing that the Court lacked subject matter jurisdiction because PN 501 was a church plan, exempt from ERISA. Defendants disputed Benson's characterization of PN 501 as a church plan, and further argued that the issue was moot because PH&S-W filed an election with the Department of Labor in May 2009 that applied ERISA to PN 501 retroactively, or alternatively, that Benson's claims were barred because they arose after the May 2009 election, which created a valid ERISA plan. After reviewing the extensive briefing of the parties on those issues, the Court ruled that (1) PN 501 was a church plan, exempt from ERISA;

---

[1] There remains a factual dispute over which company, PH&S-W or its parent company, Providence Health and Services ("PH&S"), is the administrator of PN 501, and there is a genuine unresolved question as to whether the different Providence entities are operated as a single business in disregard of the corporate form. See, e.g., Benson I, Friedman Decl., Exs. 2-3 (Rogers Dep., Exs. 2, 9), Ex. 4 (Young Dep. at 11, 32), docket no. 40.

(2) the May 2009 ERISA election did not apply retroactively; and (3) Benson's claims arose before May 2009.  <u>Benson I</u>, Order, docket no. 25.  Because ERISA was the sole basis for the Court's subject matter jurisdiction on removal, the Court remanded <u>Benson I</u> to state court.  <u>Id.</u>  In ordering remand, the Court relied upon Benson's representations that he was not challenging the validity of the May 2009 ERISA election, and that he had not sought relief for claims arising after the election.  <u>See</u> <u>Benson I</u>, Order at 13 n.6, docket no. 25.  In the present case, which was filed after <u>Benson I</u>, PH&S-W seeks declaratory and injunctive relief against Benson, arguing that ERISA applies to PN 501 prospectively.  Am. Compl., docket no. 11.

**DISCUSSION**

PH&S-W moves for partial summary judgment on plaintiffs' Third Cause of Action, which seeks a declaratory judgment that PH&S-W's May 2009 ERISA election was effective and applies ERISA to PN 501 prospectively from the date of filing.  As a preliminary matter, however, Benson argues that, in light of this Court's Order in <u>Benson I</u> that his claims arose prior to the ERISA election, there is no longer an actual controversy between the parties, and as such, the Court lacks the authority to adjudicate plaintiffs' claims.  Therefore, before the Court can address plaintiffs' motion, it must first determine whether there is an actual controversy between the parties.

"The Declaratory Judgment Act provides that "in a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal obligations of any interested party seeking such a declaration."  28 U.S.C. § 2201.  Article III of the United States Constitution similarly limits the authority of courts to the adjudication of "real and substantial

controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). Consequently, there must exist, under the facts alleged, a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). The actual controversy must exist at all stages of review, not merely at the time the complaint is filed. SEC v. Med. Comm. for Human Rights, 404 U.S. 403 (1972). "A case becomes moot whenever it loses its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Siskiyou Reg'l Educ. Project v. United States Forest Serv., 565 F.3d 545, 559 (9th Cir. 2009).

Plaintiffs argue that an actual controversy exists because the amended complaint alleges that the May 2009 election is valid and Benson has denied the allegation. Although Benson may have denied the allegations in the complaint at the initiation of the lawsuit, plaintiffs have failed to show the continuing existence of an actual controversy. To the contrary, this Court ruled in Benson I that Benson's claims arose prior to May 2009, which necessarily has extinguished the live controversy between the parties about the validity of the May 2009 election in this case.[2] In addition, consistent with this Court's prior order, Benson has moved in the state

---

[2] PH&S-W also contends that an actual controversy between the parties continues to exist because Benson argues, in the alternative, that there are genuine issues of material fact that preclude summary judgment on plaintiffs' Third Cause of Action. Benson's alternative argument in response to the present motion does not alter the fact that the underlying litigation, which is the dispute that gave rise to the actual controversy between the parties in this case, no longer implicates the validity of the May 2009 election. Consequently, questions regarding the validity of the May 2009 election in this case are moot.

ORDER
PAGE -4

court to amend his complaint in Benson I to remove his challenge to the validity of the May 2009 election. Friedman Decl., Ex. 1, docket no. 59. PH&S-W does not oppose the amendment, see Friedman Decl., ¶ 3, docket no. 59, which the Court construes as an admission that Benson no longer seeks relief for conduct occurring after the May 2009 election.

Benson no longer has any interest in adjudicating the validity of the May 2009 election, and as such, PH&S-W's claim for declaratory relief has become moot because the parties no longer have adverse legal interests.[3] Accordingly, as there no longer exists an actual controversy between Benson and PH&S-W on plaintiffs' Third Cause of Action, the Court DENIES PH&S-W's motion for partial summary judgment on that claim, docket no. 26.[4]

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion for partial summary judgment, docket no. 26.

IT IS SO ORDERED.

DATED this 23rd day of March, 2011.

Thomas S. Zilly
United States District Judge

---

[3] Moreover, the Court rejected PH&S-W's contention that Benson's claims arose after the May 2009 election in Benson I. Benson I, Order, docket no. 25. To establish an actual controversy in this case, however, the Court would necessarily have to reconsider whether Benson's claims arose after May 2009, which amounts to an inappropriate collateral attack on the Court's Order for Remand in Benson I.

[4] The absence of a continuing actual controversy between the parties is likely dispositive of plaintiffs' remaining claims. However, the Court limits the present Order to plaintiffs' pending motion for partial summary judgment, and will issue a separate Order to show cause regarding the continued vitality of plaintiffs' claims.