UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES-WASHINGTON, a Washington nonprofit corporation; et al., <br><br> Plaintiffs, <br><br> v. <br><br> J. DAVID BENSON, <br><br> Defendant. | CASE NO. C09-1668TSZ <br><br> ORDER |

THIS MATTER comes before the Court on plaintiffs' motion for reconsideration, docket no. 64, and on plaintiffs' response to the Court's Order to Show Cause, docket no. 67. Having reviewed plaintiffs' submissions, the Court DENIES the motion for reconsideration, and DISMISSES plaintiffs' remaining claims with prejudice.

ORDER
PAGE -1

## I. BACKGROUND

In its prior Order,[1] the Court denied plaintiffs' motion for partial summary judgment on their claim for declaratory relief (Third Cause of Action). Order, docket no. 62. Specifically, plaintiffs sought a declaration from the Court that plaintiffs' May 2009 Employee Retirement Income Security Act ("ERISA") election was valid and applies ERISA to defendant J. David Benson's insurance plan ("PN 501") prospectively from the date of filing. See Am. Compl., docket no. 11. The Court held that summary judgment was not appropriate because plaintiffs' claim for declaratory relief became moot as a result of this Court's Order in the related case, Benson v. Providence Health & Services, C10-941Z ("Benson I"), remanding the case to state court. Order, docket no. 62. The Court subsequently ordered plaintiffs to show cause why their remaining claims for declaratory and injunctive relief[2] should not be dismissed. Order, docket no. 63. The issue now before the Court is whether there continues to be a live controversy between the parties.

## II. DISCUSSION

Plaintiffs argue that an actual controversy exists because the amended complaint alleges that the May 2009 election is valid and Benson has denied the allegation in his answer to the complaint. Plaintiffs contend that the Court may only look to the pleadings in determining whether the case is moot. The logical extension of plaintiffs' argument is that the only way to moot a live controversy

---

[1] For the sake of convenience and brevity, the Court incorporates the facts set forth in its previous Order. See docket no. 62.

[2] Plaintiffs' Ninth Cause of Action seeks an injunction prohibiting Benson from suing plaintiffs on claims arising after the May 2009 ERISA election. Am. Compl., docket no. 11.

ORDER
PAGE -2

is for the defendant to admit to the allegations in the complaint, even if the record demonstrates, as it does here, that there is no existing controversy between the parties.

Plaintiffs' contention is absurd. Where a defendant has no stake in the outcome of litigation, the defendant has no obligation to admit to the allegations in the complaint to obtain dismissal of the action. To the contrary, it is the absence of a controversy between the parties that is dispositive. See Textron Lycoming Reciprocating Engine Div., AVCO Corp. v. UAW, 523 U.S. 653, 661 (1998) (holding that there was no constitutional controversy where the declaratory judgment defendant had no interest in defending the binding nature of the contract). Accordingly, as the Court held in its prior Order, although Benson may have denied the allegations in the complaint at the initiation of the lawsuit, plaintiffs must show the continuing existence of an actual controversy. Siskiyou Reg'l Educ. Project v. United States Forest Serv., 565 F.3d 545 (9th Cir. 2009) (holding that a case becomes moot whenever it loses its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law).

Plaintiffs contend that a live controversy continues to exist because the validity of the ERISA election will be in dispute in the remanded Benson I state court litigation if the state court holds that Benson's claims arose after May 2009. However, as this Court has already held, in both the present case and in Benson I, and as the state court has now held on remand,[3] Benson is not

---

[3] On April 11, 2011, Washington State Superior Court Judge Theresa Doyle entered an Order denying plaintiffs' motion for summary judgment in Benson I. Not., Ex. 1, docket no. 72. In denying the motion, Judge Doyle explicitly held that:

> [Benson's] right to payment of medical benefits arose prior to May of 2009 and involved health treatment received prior to Providence's ERISA election, therefore the claims in this action are properly directed against

PAGE -3

pursuing relief for claims arising after May 2009.  Order, docket no. 62; Benson I, Order, docket no. 25; Not., Ex. 1, docket no. 72 (copy of state court's order denying summary judgment).

In the alternative, plaintiffs argue that even if there is no longer a live controversy, their claims are not moot because an exception to the doctrine of mootness applies.  Such exceptions include cases where the defendant's conduct constitutes a wrong that is capable of repetition yet evading review, or where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time.  Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994).  Plaintiffs argue that the second exception (voluntary cessation) applies,[4] relying heavily on Gluth v. Kangas, 951 F.2d 1504 (9th Cir. 1991) (holding that the "mere voluntary cessation of allegedly unlawful activity does not render those allegations moot.").  However, the voluntary cessation exception applies to illegal or unlawful conduct.  Native Vill. of Noatak, 38 F.3d at 1509.  Benson's lawsuit is neither illegal nor unlawful.  Moreover, now that the state court has held that Benson's claims arose prior to May 2009, see Not., Ex. 1, docket no. 72, he is not free to resume his claim at any time.  To the contrary, he will be precluded from raising that issue, which has already

---

> his non-ERISA insurer.  [Benson] is not asserting and has no claims against the ERISA plan that may have been created in May of 2009 as a result of Providence's ERISA election.  That plan, to the extent it exists, would only cover claims for medical benefits that arose after the election because that election cannot, as a matter of law, operate retroactively.

Id. (emphasis added).  The state court's order unequivocally forecloses the possibility of any continuing controversy between the parties about the validity of the May 2009 ERISA election.

[4] Plaintiffs also cite two cases for the proposition that a party to a contract dispute does not moot a declaratory judgment action on the contract by conceding the disputed contract issue.  Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 123-24 n.3 (2007); Equip. Corp. of Am., Inc. v. RV Jet, Inc., 2008 WL 4831728, *1 (E.D. Wis. 2008).  Those cases are distinguishable because they involved disputes between two parties to a contract about the terms of the contract.  Conversely, here, the state court has ruled that Benson has no claims that arise after May 2009.  By way of analogy, if this were a breach of contract case like those cited by plaintiffs, the state court's order would mean that Benson is not even a party to the contract.  As such, he would not have a stake in litigating the validity of a contract term.  See Textron, 523 U.S. at 661.  Accordingly, the breach of contract cases cited by plaintiffs are inapposite.

been litigated. Accordingly, the voluntary cessation exception does not apply. See United States v. W.T. Grant Co., 345 U.S. 629, 632-33 (1953) (holding that voluntary cessation exception does not apply and the case is moot if there is no reasonable expectation that the illegal action will recur).

As there is no longer a controversy between the parties, dismissal of plaintiffs' Third Cause of Action is appropriate because the declaratory judgment act may not be used to secure judicial determinations of moot questions.[5] Native Vill. of Noatak, 38 F.3d at 1509. Similarly, plaintiffs' Ninth Cause of Action for injunctive relief is also moot because, as courts have repeatedly held, Benson is not pursuing relief against plaintiffs for claims arising after the May 2009 ERISA election. As such, there is nothing for the Court to enjoin, and dismissal is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration, docket no. 64. The Court further DISMISSES plaintiffs' remaining claims for declaratory relief (Third Cause of Action) and injunctive relief (Ninth Cause of Action), as moot. The Clerk is directed to enter final judgment in this matter with costs in favor of the defendant.

---

[5] Even if the Court were to hold that there is a live controversy between the parties, the Court has discretion to decide whether to entertain a declaratory judgment action. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994). In exercising its discretion, the district court must balance concerns of judicial administration, comity, and fairness to litigants in deciding whether to entertain jurisdiction. Id. The Court concludes that all of the relevant concerns weigh in favor of declining to exercise jurisdiction. For example, as noted in previous Orders, plaintiffs have unnecessarily multiplied the litigation through blatant forum-shopping. See, e.g., Benson I, Order at 13-14, docket no. 25. Plaintiffs litigated the church plan exemption/ERISA issue in three different forums, using procedural loopholes to have the same issue reviewed by different courts. See id. (noting that the Court's Order was the "third strike" against plaintiffs' ERISA preemption defense). Three strikes is enough! As such, the interests of efficient judicial administration weigh heavily in favor of ending plaintiffs' expansion of the litigation. The interests of comity weigh in favor of dismissal because the Court should defer to the state court's order holding that all of Benson's claims arose prior to May 2009. Finally, it would be unfair to individuals who are actually interested in contesting the validity of the May 2009 election if the validity of the election was resolved in this litigation. Further, it would be unfair to Benson if the Court were to force him to litigate the issue when he has no interest in the dispute. Accordingly, in the alternative, the Court declines to exercise jurisdiction over plaintiffs' declaratory judgment claim.

01       IT IS SO ORDERED.

02       DATED this 10th day of May, 2011.

                                    _____
                                    Thomas S. Zilly
                                    United States District Judge

ORDER
PAGE -6