UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROVIDENCE HEALTH & ) 
SERVICES-WASHINGTON, a ) CASE NO. C09-1668TSZ
Washington nonprofit corporation; et al., )
 )
                  Plaintiffs, ) ORDER
 )
    v. )
 )
J. DAVID BENSON, )
 )
                  Defendant. )
_____ )

    This matter comes before the Court on Defendant's Motion for Award of Attorney Fees, docket no. 75. Having reviewed the papers filed in support of, and opposition to, Defendant's motion, the Court DENIES Defendant's motion.

**I.**     **BACKGROUND**

    On October 10, 2008, Defendant Benson was injured in a motorcycle accident. Order (docket no. 62). Although he recovered $25,000 from the tortfeasor's insurance company, this

ORDER
PAGE -1

amount was less than his total medical expenses.  Id.  To pay the remainder of his expenses, Benson submitted a claim to his insurance company, which was denied.  As a result, Benson brought suit against Providence Health Services in state court.  Benson v. Providence Health Services, C10-941Z ("Benson I").  Providence Health Services removed that case to federal court, alleging that the insurance plan was governed by the Employee Retirement Income Security Act ("ERISA").  Benson moved to remand the case, arguing that the plan was exempt from ERISA.  On November 30, 2010, this Court remanded the case back to state court, finding that the plan was exempt from ERISA.  Order (Benson I, docket no. 25).  In Benson I, the Court denied Benson's request for attorneys' fees.

In the present case, Providence Health Services' subsidiaries, Providence Health and Services Washington and Providence Health Plan, brought a declaratory judgment action against Benson seeking to establish that the plan was governed by ERISA.  Complaint (docket no. 1).  On March 23, 2011, this Court denied Plaintiffs' motion for partial summary judgment.  Order (docket no. 62).  On May 10, 2011, the Court denied Plaintiffs' motion for reconsideration and dismissed Plaintiffs' remaining claims with prejudice.  Order (docket no. 73).  Defendant Benson now timely moves for $137,295 in attorneys' fees.

**II. DISCUSSION**

Defendant argues that he is entitled to attorneys' fees under Fed. R. Civ. P. 54(d)(2) and Olympic Steamship Co. v. Centennial Ins. Co., 117 Wn.2d 37, 54 (1991).  Unfortunately, he is not.  Unlike Rule 54(d)(1), which affirmatively authorizes costs to the prevailing party, Rule 54(d)(2) gives only a procedure for awarding attorneys' fees; the movant must point to a statute or contract

to show that attorneys' fees are available in order to overcome the default rule that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).

Defendant's argument that he is entitled to fees under Olympic Steamship, a Washington Supreme Court case holding that fees are available to an insured when the insurer refuses to pay a justified claim, is unhelpful in this action brought only on federal question jurisdiction, where no state law claims have been brought. Defendant does not claim fees under ERISA, or any other federal statute, nor does Defendant point to any cases that support a fee award under Olympic Steamship in a case brought under ERISA. An independent search of Ninth Circuit cases by the Court reveals no case where a federal court has awarded Olympic Steamship fees in an action based only on federal question jurisdiction.

Defendant's cite to Safeco Ins. Co. v. Woodley, 150 Wn.2d 765 (2004), a Washington Supreme Court decision holding that attorneys' fees are available for vindication of policy provisions to which the insured is entitled, may be helpful to Defendant when requesting attorneys' fees in state court; it does not, however, help him in federal court where no state claim has been brought. Similarly, Cornhusker Cas. Ins. Co. v. Kachman, No. 05-026, 2009 W.L. 2853119 (W.D. Wash. 2009), does not support Defendant; that case was brought under diversity jurisdiction.

It is lamentable that attorneys' fees are unavailable here, given Defendant's time and expense spent defending an issue that has been unsuccessfully brought in three different forums. However, assuming Defendant is successful in his action in state court, attorneys' fees may be

available under <u>Olympic Steamship</u>, even for efforts spent defending this action.   See <u>Axess Int'l, Ltd. v. Intercargo Ins. Co.</u>, 107 Wn. App. 713, 720 (2001).

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Attorneys' Fees.

IT IS SO ORDERED.

DATED this 22nd day of June, 2011.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge